886 So.2d 459 (2004)
SECRETARY, DEPARTMENT OF REVENUE, STATE OF LOUISIANA
v.
GAP (APPAREL), INC.
No. 2004 CW 0263.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*460 Otha Curtis Nelson, Jr., Barry L. Kelly, David M. Hansen, Leslie C. Strahan, Baton Rouge, Jack M. Alltmont, Sharon Cormack Mize, Edward J. Rivera, New Orleans, Counsel for Plaintiff-Respondent Department of Revenue, State of Louisiana.
William F. Grace, Jr., New Orleans, Paul H. Frankel, Craig B. Fields, Roberta *461 Moseley Nero, New York, NY, Counsel for Defendant-Relator Gap (Apparel), Inc.
Before: WHIPPLE, KUHN, and McDONALD, JJ.
PER CURIAM.
The Louisiana Department of Revenue (the Department) filed the underlying suit against Gap Apparel, Inc. (Apparel) in an effort to collect unpaid corporation income taxes and unpaid corporation franchise taxes for various periods. Apparel did not file tax returns for the relevant periods, but the Department conducted a corporate income and franchise tax audit and determined that Apparel owed taxes for those periods. When Apparel failed to pay the amounts demanded, the Department filed the underlying suit. Apparel responded to the petition by filing a declinatory exception pleading the objection of lack of personal jurisdiction, which the trial court overruled. This writ application followed.
The Due Process test requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgmt. & Consulting, 586 So.2d 103, 105 (La.1991). With regard to taxation, the Due Process Clause requires some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax. The income attributed to the state for tax purposes must also be rationally related to values connected with the taxing state. Quill Corp. v. North Dakota, 504 U.S. 298, 306, 112 S.Ct. 1904, 1909-1910, 119 L.Ed.2d 91 (1992). If a foreign corporation purposefully avails itself of the benefits of an economic market in the forum state, it may subject itself to the state's personal jurisdiction even if it has no physical presence in the state. Quill Corp., 504 U.S. at 306, 112 S.Ct. at 1911.
The Gap, Inc. (The Gap) is a Delaware corporation that owns and operates, either directly or through its various subsidiaries, over 2600 stores throughout the United States. Approximately 41 of these stores, including Gap, Old Navy, and Banana Republic stores, are located in Louisiana. As part of its business, The Gap had created, developed, and registered various trademarks, trade names, and service marks (the marks) that were used in the various retail stores throughout the United States, including those in the state of Louisiana. Prior to 1997, The Gap transferred the various marks to GPS (Delaware), Inc., one of its subsidiaries. Pursuant to a corporate reshuffling in 1997, the Board of Directors of The Gap voted to transfer the marks to Apparel. In December 1998, Apparel became a wholly-owned subsidiary of GPS (Merchandise), Inc., which was itself a wholly-owned subsidiary of GPS (Delaware), Inc.
After the marks were transferred, Apparel and The Gap entered into an agreement whereby Apparel granted a license to The Gap authorizing The Gap and its affiliates (the licensees) to use the various marks in connection with the manufacture, advertising, marketing, distribution, and sale of their products in the United States of America, its states, territories, and/or possessions (the territory). The agreement also allowed the licensees to affix the marks to the products. For the use of the marks, the licensees paid Apparel a royalty based on the net sales of the licensed products throughout the territory. The Department contends that Apparel received approximately $11.9 million from *462 the licensees during the relevant tax periods as royalties for the use of the marks calculated as a percentage of the sales in Louisiana.
Apparel is a California corporation with its principal place of business in that state. It is engaged in two businesses: (1) the licensing and protection of the marks it owns, and (2) the provision of warehousing and distribution services.[1] Apparel contends that it does not have any of the traditional contacts with Louisiana necessary to confer personal jurisdiction. Specifically, Apparel contends that it is a foreign corporation that is not, and never has been, licensed to do business in Louisiana. It has never had any offices, employees, agents, or directors in Louisiana. Apparel has never owned, rented, used, or possessed any real or personal property in the state, nor has it sold, manufactured, tested, advertised, promoted, or distributed any products in Louisiana. The marks that Apparel owns are not registered in Louisiana, and the licensing agreements regarding the use of the marks were not entered into in Louisiana. Furthermore, all of the meetings of Apparel's Board of Directors were conducted in California and, therefore, outside Louisiana.
While Apparel may not have a physical presence in Louisiana, its intangible property clearly has a connection with Louisiana. In United Gas Corp. v. Fontenot, 241 La. 488, 129 So.2d 748 (1961),[2] the Louisiana Supreme Court discussed the difficulties in determining the location or "situs" of intangible assets and property rights for taxation purposes. Because those assets have no physical location by their very nature, the jurisprudence has developed three separate doctrines applicable to their taxation. First, such property is normally taxable at the legal domicile of the owner, which in the case of a corporation is the state of incorporation. Second, if the intangible property is used in another state in such a way as to become an integral part of a business carried on within the state, the intangible property acquires a "business situs" in that state and is subject to taxation in that state. Finally, where the business of the corporation is actually managed and functioning in a state other than the state of incorporation, a "commercial domicile" exists in the state where the corporation's principal place of business is, and the corporation's intangibles may be taxed there. United Gas Corp., 129 So.2d at 758.
In the matter before this court, it is clear that the marks licensed by Apparel have been used in Louisiana in such a way as to become an integral part of the licensees' businesses in this state. Numerous marks (i.e. Gap, Baby Gap, Gap Kids, Pro Fleece) have been licensed by Apparel and used by the licensees to conduct and promote their businesses in this state. Clearly, the intangibles have acquired a business situs in Louisiana and are subject to taxation in this state.
WRIT DENIED.
NOTES
[1] The warehousing and distribution services are not connected to Louisiana and are not at issue in this matter.
[2] This case dealt with corporate income tax. The Louisiana Supreme Court also addressed the issue of "business situs" in the companion case of United Gas Corp. v. Fontenot, 241 La. 564, 129 So.2d 776 (1961), which dealt with corporate franchise tax. Both taxes are at issue in the matter before this court.